UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TWILA MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:03-CV-588 |
| ) | (VARLAN/GUYTON) |
| ) | |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b), Federal Rules of Civil Procedure, for a Report and Recommendation regarding the disposition by the District Court of the motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b) filed by plaintiff's attorneys at Eric Buchanan & Associates, PLLC. [Doc. 28].

On May 27, 2005, Thomas A. Varlan, United States District Court Judge, entered an order regarding stipulation of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [Docs. 25-27].

On January 20, 2006, plaintiff's attorneys filed a motion for an award of attorney fees in the amount of $7,047.25 pursuant to 42 U.S.C. § 406(b). [Doc. 28]. They have submitted a copy of the plaintiff's signed agreement to pay a fee of 25% of past-due benefits.

[Doc. 29, Exhibit A]. Plaintiff's attorneys further contend that the requested fee of $7,047.25 is reasonable, citing Gisbrecht v. Barnhart, 535 U.S. 789, 122 S. Ct. 1817 (2002) and Hayes v. Secretary, 923 F.2d 418 (6th Cir. 1990).

The Commissioner does not oppose an award of attorney fees under 42 U.S.C. § 406(b) in the amount of $7,047.25. [Doc. 30].

This Court has recognized that the "standard rate" for attorneys involved in Social Security litigation in this area ranges from $125.00 to $200.00 per hour for attorneys. See Dean v. Secretary, No. 3-93-270 (EDTN, 1994, Jarvis); Hall v. Secretary, No. 3-93-463 (EDTN, 1994, Jarvis). Based upon the number of attorney hours expended litigating this case and the attorney fees requested, I find that the amount for attorney time to be reasonable and that it does not constitute a windfall as a matter of law. Hayes, 923 F.2d at 422.

In light of the fact that the Commissioner does not object to the attorney fees requested; that I find the amount for attorney time to be reasonable; that the plaintiff and counsel entered into a twenty-five percent (25%) fee contract; that there is no reason to make any deductions to the requested fee, I find that attorney fees in the amount of $7,047.25 should be allowed for work at the district court level.

Based upon the foregoing, it is **RECOMMENDED**[1] that the motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b) [Doc. 28] in the amount of $7,047.25 be **GRANTED**. The EAJA fees shall be refunded to the plaintiff. [Doc. 27].

Respectfully submitted,

s/H. Bruce Guyton
United States Magistrate Judge

---

[1]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).